DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which granted the summary judgment motion of defendant-appellee, Cincinnati Insurance Co. ("CIC"), in an action filed by plaintiff-appellant, Douglas J. Allen, Administrator of the Estate of Larry Allen, seeking uninsured/underinsured ("UM/UIM") motorist benefits.
 {¶ 2} On November 24, 2000, Larry Allen died as a result of injuries sustained in an automobile accident. At the time of the accident, Allen was employed by ESSN. It is undisputed, however, that he was not working within the course and scope of his employment nor was he operating a vehicle owned by ESSN when the accident occurred. Nevertheless, on October 30, 2001, appellant filed an action in the court below seeking UM/UIM benefits from CIC, ESSN's insurance carrier, pursuant to the Ohio Supreme Court's pronouncements in Scott-Pontzer v.Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660.
 {¶ 3} On December 27, 2002, the lower court granted CIC summary judgment on the ground that the policies at issue do not qualify as automobile liability or motor vehicle liability policies of insurance as that term has been defined by R.C. 3937.18(L). The court, therefore, refused to impute coverage as a matter of law. Appellant now challenges that judgment on appeal. For the following reason, however, we must affirm the judgment of the trial court.
 {¶ 4} On November 5, 2003, the Supreme Court of Ohio released its decision in the case of Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849. Galatis limited Scott-Pontzer, and provides at paragraph two of the syllabus: "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." In the present case, it is undisputed that Allen's accident and death did not occur within the course and scope of his employment with ESSN. Accordingly, appellant was not entitled to UM/UIM benefits under the insurance policies at issue and we need not address the issue of whether the policies qualified as automobile liability or motor vehicle liability policies of insurance. The sole assignment of error is not well-taken.
 {¶ 5} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Richard W. Knepper, J., and Mark L. Pietrykowski, J., Concur.